# UNDERWOOD TYPEWRITER COMPANY *v.* A. B. DICK COMPANY.

### TRADEMARKS; DAMAGES.

An opposition to the registration of a trademark cannot be sustained when the sole ground of opposition is that the trademark of the proponent has become public property by reason of the expiration of the patent upon the machine upon which the trademark is used. If the opposer has not manufactured and put on the market a similar article to that on which the trademark has been used, it cannot properly be said that the registration of the mark will damage him. (Citing *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337, and *Battle Creek Sanitarium Co.* v. *Fuller*, 30 App. D. C. 411.)

No. 652.   Patent Appeals.   Submitted November 9, 1910.   Decided January 3, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents, dismissing an opposition to a petition to register a trademark.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. Arthur V. Briesen* and *Mr. John H. Hilliard* for the appellant.

*Mr. Samuel Owen Edmonds* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents, denying opposition to the registration of a trademark.

The A. B. Dick Company on May 18th, 1905, filed an application for the registration of "Mimeograph" as a trademark for duplicating machines and parts thereof, manufactured and sold by it with said mark affixed.

The application was regularly allowed and passed for publication. On June 9, 1906, the Underwood Typewriter Company filed an opposition to said registration, the grounds of which are stated as follows:

"1st. The A. B. Dick Company is not entitled to registration of the word 'Mimeograph' as a trademark for duplicating machines and parts thereof, for the reason that the patent or patents under which said duplicating machines and parts thereof have been manufactured has or have expired; that the word 'Mimeograph' has been applied as a name and as a trademark by A. B. Dick Company and by the public to the said patented duplicating machines and to the parts thereof, and said patent or patents had expired at the date the A. B. Dick Company made application for the registration of said word as a trademark for duplicating machines; nor has it any exclusive right to the use of said word as a trademark at the present time for use on duplicating machines or parts thereof, the name having passed to the public on the date of the expiration of the patent or patents under which said duplicating machines, known as 'Mimeograph,' were manufactured, sold, and used.

"2d. The opposer, the Underwood Typewriter Company, claims the right to make and sell the duplicating machines and parts thereof known as the 'Mimeograph,' and to manufacture

and sell same under the name and trademark 'Mimeograph' now that the patent or patents covering said machines and known as the 'Mimeograph' patent or patents has or have expired; and the opposer, the Underwood Typewriter Company, would be damaged by registration of the word 'Mimeograph' being granted to the A. B. Dick Company is a trademark for duplicating machines and parts thereof."

Upon issue joined and testimony in support thereof, the Commissioner finally decided against the opponent; holding (1) that the evidence did not show that "Mimeograph" is the generic name of duplicating machines manufactured and sold under the Edison patent, of which the proponent was a licensee, but was used by the proponent as a trademark to designate origin; (2) that the opponent has not shown that he has been, or would likely be, damaged by the registration of the mark. Upon both grounds the opposition was dismissed.

The first proposition is involved in considerable doubt both in respect of law and fact, and we shall not undertake its determination, in view of our opinion that the decision may be sustained upon the second ground.

In the language of Mr. Justice Robb, in a former case: "The right of the petitioner to intervene was dependent upon a showing of interest. The statute does not contemplate that anyone may petition the Commissioner to cancel a trademark duly registered, but it does provide that anyone who 'shall deem himself injured may do so.' The petition, therefore, must contain a statement of fact on this jurisdictional question, sufficiently full to show that the petitioner has been injured by the registry of the mark he seeks to have canceled; and this fact must not be left to conjecture, but must affirmatively appear. * * * The averment that it has used the word as a trademark is not sufficient, for the obvious reason that, unless the word has been used in the same business as that in which it was used by appellant, no injury contemplated by the statute would have resulted, and no right to intervene would have followed. The averment in the 6th paragraph of the petition is merely a conclusion of the pleader, unsupported by the facts

previously set out. Such an allegation is insufficient." *Mc-Ilhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337–339.

The proceeding in the foregoing case was for the cancelation of a registered trademark, but the statutory ground of opposition is the same; namely, on behalf of one who believes he would be damaged by the registration of a mark; and the same rule has been applied to an opposition. *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411–415. In that case it was said: "It is not sufficient for the opponent to say that he believes he would be damaged. He must allege some fact showing an interest in the subject-matter, from which damage might be inferred. If he has not used the mark as a trademark upon goods of a like description, he can suffer no damage from its registration by another." Tested by the rule declared in those cases, the opposition is fatally defective. The opponent does not claim to have manufactured and put on the market a similar article to that on which the trademark has been used. The sole ground of opposition, therefore, is that the trademark of the proponent has become public property by reason of the expiration of the patent upon the machine. If the opponent has the right to oppose the registration, any other person could be recognized to make the same opposition in the public interest, which, so far as the pleading is concerned, is all that is involved.

There is no error in the decision and it will be affirmed; and this decision will be certified to the Commissioner of Patents.                                      *Affirmed.*